■ PHILIP J. KENT et al., Appellants, v WILLIAM TURNER et al., Defendants, and NATIONWIDE INSURANCE COMPANY, Respondent. [668 NYS2d 806] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On August 18, 1993, defendant William Turner (Turner) received a Marlin .22 caliber 14-shot semiautomatic rifle as a birthday present from his parents, defendants Hugh J. and Noreen Turner. Five days later, Turner pointed the rifle out the screen of his bedroom window, looked through the scope and saw 12-year-old Philip J. Kent (Kent) sitting on his front porch across the street. As Turner attempted to hit the safety, the rifle discharged and the bullet struck Kent. Turner was charged with and pleaded guilty to assault in the first and second degrees based on reckless conduct.

At the time of the shooting, the Turners were insured under a comprehensive homeowners' insurance policy issued by defendant Nationwide Insurance Company (Nationwide). The policy provided that Nationwide would "pay damages the insured is legally obligated to pay due to an occurrence". Occurrence was defined to include bodily injury resulting from an accident. The policy excluded coverage for an injury "which is expected or intended by the insured".

Plaintiffs commenced an action against the Turners alleging that Turner negligently, recklessly and wantonly shot Kent. After issue was joined, plaintiffs moved for summary judgment on the issue of liability on the theory that Turner was negligent in shooting Kent. That motion was granted, and, after a trial on damages only, plaintiffs recovered a judgment against the Turners for $97,744.80. Nationwide paid $9,590 based on the liability of Turner's parents but declined to pay the balance attributable to Turner.

Plaintiffs thereafter commenced this action for judgment against Nationwide for the balance of the judgment recovered against the Turners. Nationwide alleged as an affirmative defense that there is no coverage under the policy because Turner's conduct was intentional. Plaintiffs moved and Nationwide cross-moved for summary judgment; Supreme Court denied both the motion and cross motion. Plaintiffs argued that Nationwide was collaterally estopped from contesting Turner's negligence and now appeal.

The court erred in denying plaintiffs' motion. In the prior action, all the Turners were represented through the time of the summary judgment motion by an attorney who was an employee or in-house counsel of Nationwide. The record does not show that Nationwide asserted that its interests and the interests of Turner were in conflict in the prior action. Because Nationwide's attorney represented the Turners in the prior action through the time of the summary judgment motion, and never disclaimed coverage or asserted a conflict of interest, Nationwide is now estopped from asserting that Turner's conduct was intentional. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Boehm and Fallon, JJ.